UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL MARBURY,

                            Plaintiff,

             - against -

CITY OF NEW YORK,
POLICE OFFICER KAMIL PAC,
POLICE OFFICER SAMUEL CARY,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4,

                            Defendants.

----------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

      Plaintiff, MICHAEL MARBURY, by his attorneys, NASS & ROPER LAW, LLP,

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff, MICHAEL MARBURY, seeks

       damages to redress the deprivation, under color of state law, of rights secured to him

       under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States

       Constitution.  On or about April 2nd, 2014, at approximately 7:00 p.m., at or near the

       location of 323 Jamaica Ave in the County of Kings, City and State of New York,

       Plaintiff was falsely arrested and assaulted by Defendants including, but not limited

       to, POLICE OFFICER KAMIL PAC, POLICE OFFICER SAMUEL CARY and

       POLICE OFFICER JOHN DOE(S) #'S 1-4.  It is alleged that Defendants falsely

       arrested Plaintiff and used excessive force in effectuating his arrest in violation of his

       constitutional rights.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in this court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States.  This Court has

pendant jurisdiction over Plaintiff's state law claims.

### III. <u>PARTIES</u>

3.      Plaintiff, MICHAEL MARBURY, at all times relevant hereto resided in Kings

County, specifically 323 Jamaica Aved, in the City and State of New York.

4.      Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation,

incorporated pursuant to the laws of the State of New York, which operates the New

York City Police Department (hereinafter "NYPD"), and as such is the public

employer of the Defendant officers herein.

5.      Defendant, POLICE OFFICER KAMIL PAC (SH: 28872) was an NYPD police

officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or

employee of Defendant CITY and within the scope of his employment.

6.      Defendant, POLICE OFFICER SAMUEL CARY (SH: 283728) was an NYPD police

officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or

employee of Defendant CITY and within the scope of his employment.

7.      Defendants, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-4 were NYPD police

officers, and at all relevant times hereto, acted in that capacity as agents, servants,

and/or employees of Defendant CITY and within the scope of their employment.

8.      At all relevant times hereto, Defendants were acting under the color of state and local

law.  Defendants are sued in their individual and official capacities.  At all relevant

times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. <u>FACTS</u>

9.      On or about April 2, 2014, at approximately 7:00 p.m., Plaintiff, MICHAEL MARBURY, was at or near the location of 323 Jamaica Ave in the County of Kings, City and State of New York when he entered the house.

10.     Shortly after entering the house, Plaintiff opened the front door and Defendants rushed into the home.

11.     Plaintiff did not know why Defendants were there and attempted to leave the home.

12.     Upon exiting the home he was stopped by Defendant officers, questioned, and told he could leave the home.

13.     After walking for a short while, Defendant officer approached Plaintiff, choked him and slammed his face on the ground causing injury.

14.     Plaintiff was searched, handcuffed and placed in a police vehicle, and while in the vehicle, a Defendant office choked Plaintiff with his hands.

15.     Plaintiff was brought to the precinct and was tripped by Defendants and thrown into the cell door.

16.     Plaintiff would spend the night in the police precinct and was then brought to Central Booking where he would stay until ~2:00 p.m., at which point he was given an ACD.

17.     Plaintiff would go to Bellevue Hospital the next day where he was treated for neck injuries and dental trauma resulting from the attack.

18.     That on or around the 17th day of April, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the names and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19.     That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. <u>FIRST CAUSE OF ACTION</u>
**Pursuant to §1983 (FALSE ARREST)**

20.     Paragraphs 1 through 19 of this complaint are hereby re-alleged and incorporated by reference herein.

21.     That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately 20 hours.

22.     That in detaining Plaintiff for approximately 20 hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

23.     Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest him.

30. That Defendants intended to confine Plaintiff.

31. That Plaintiff was conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

5

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

35. Paragraphs 1 through 34 are hereby re-alleged and incorporated by reference herein.

36. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

37. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

38. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

39. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

40. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

41. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

42. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

43.     That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

44.     That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

45.     That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

48.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VIII. <u>FOURTH CAUSE OF ACTION</u>
### Pursuant to State Law (EXCESSIVE FORCE)

49.     Paragraphs 1 through 48 are hereby re-alleged and incorporated by reference herein.

50. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

53. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

54. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

55. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

57. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## IX. <u>FIFTH CAUSE OF ACTION</u>
### Pursuant to State Law (ASSAULT and BATTERY)

58. Paragraphs 1 through 57 are hereby re-alleged and incorporated by reference herein.

59. That Defendants intended to cause harmful bodily contact to Plaintiff.

60. That Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

61. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

62. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

63. Paragraphs 1 through 62 are hereby re-alleged and incorporated by reference herein.

64. That as a result of the aforementioned incidents intentionally caused by Defendants, Plaintiff, MICHAEL MARBURY, suffered severe emotional distress and physical injuries.

65. That as a result of the aforementioned extreme and outrageous conduct negligently inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension, serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and physical injuries, all of which are permanent in nature.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

66. Paragraphs 1 through 65 are hereby re-alleged and incorporated by reference herein.

67. That at all times, all Defendants were acting within the scope of their employment.

68. That Defendant CITY was able to exercise control over Defendant Officers' activities.

9

69.     That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

70.     By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.  Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.  Awarding Plaintiff interest from April 2, 2014; and

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       May 27, 2016

                                        Yours, etc.

                                        _____
                                        JUSTIN M. ROPER, ESQ.
                                        *ATTORNEY FOR PLAINTIFF*
                                        NASS & ROPER LAW, P.C.
                                        14 PENN PLAZA, SUITE 2004
                                        NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, P.C., attorneys for Plaintiff, MICHAEL MARBURY.  I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:      New York, New York
            May 27, 2016

                                              _____
                                              JUSTIN M. ROPER, ESQ.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**MICHAEL MARBURY,**

**Plaintiff,**

**– against –**

**CITY OF NEW YORK, ET AL.**

**Defendants.**

## SECOND AMENDED COMPLAINT

**NASS & ROPER LAW, P.C.**
*Attorneys for Plaintiff*
**MICHAEL MARBURY**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246**[*]

---

[*] Not for service of papers.